# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONAVEN D. ROACH**                                          **CIVIL ACTION NO.**

**VERSUS**                                                          **24-359-SDD-EWD**

**UNKNOWN HAROLD, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 10, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONAVEN D. ROACH                                    CIVIL ACTION NO.

VERSUS                                              24-359-SDD-EWD

UNKNOWN HAROLD, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Donaven D. Roach ("Roach"), who is representing himself and who was previously incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening permitted by 28 U.S.C. § 1915(e) and required by 28 U.S.C. § 1915A, it is recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims and that Roach's federal constitutional claims be dismissed with prejudice for failure to state a claim.

### I.    BACKGROUND

Roach filed this lawsuit on or about May 7, 2024 against Lt. Harold ("Harold"), alleging violation of his civil rights under 42 U.S.C. § 1983 based on Harold's use excessive force against Roach.[2] Roach seeks monetary and injunctive relief.[3]

### II.    LAW & ANALYSIS

#### A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] R. Docs. 1 & 4.  Roach filed a Notice of Change of Address on or about July 11, 2024 that contains a residential address.

[2] R .Doc. 1, pp. 4-6.

[3] R. Doc. 1, p. 7.

granted.[4]  The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.  Roach has sued a prison employee, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claims.[9]

### B.  Roach has Not Stated a Claim for Excessive Force

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[10] Although "[a]n inmate who is gratuitously

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), which means without prepaying the filing fee.  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Roach was granted IFP status on June 4, 2024, so both statutes apply.  R. Doc. 3.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[10] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[11] cruel and unusual punishment under the Eighth Amendment does not include *de minimis* uses of physical force (in other words, minor uses of force), as long as the force used is not "repugnant to the conscience of mankind."[12] Factors to consider in deciding whether force is excessive include the extent of injury sustained,[13] if any; the need for the use of force; the relationship between the need for force and the amount of force used; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[14]

Regarding injury, Roach alleges to have suffered from "damaged" vision.[15] The description of injuries sustained is lacking, but Roach appears to allege his vision was permanently worsened. Assuming this fact as true for purposes of screening, the first factor favors Roach.[16]

Regarding need for the use of force, Roach's own description of the incident that gives rise to his claims indicates that he was uncooperative when the force was used. Specifically, Roach admits he was disobeying orders. Roach says he "flooded the tier," and continuously screamed "cell 5 for the shower," to get attention from ranking officers, so he could shower.[17] Other inmates also began screaming, "telling" the tier sergeant cell 5 needed a shower.[18] Harold arrived on the tier and asked who had flooded the tier, at which time Roach admitted he did. Harold then questioned another officer about why Roach was skipped for the shower. Based on that officer's response, Harold told that officer to write up Roach for rules violations. Roach asked to speak to

---

[11] *Wilkins*, 559 U.S. at 38.
[12] *Hudson*, 503 U.S. at 10.
[13] Though extent of injury is a factor to consider in determining whether excessive force was used, no arbitrary amount of injury is required to maintain an excessive force claim. *Wilkins*, 559 U.S. at 39.
[14] *Id.* at 7.
[15] R. Doc. 1, p. 6.
[16] R. Doc. 1, p. 6.
[17] R. Doc. 1, p. 5.
[18] R. Doc. 1, p. 5.

Harold's supervisor, and Harold instructed Roach to "shut up for the rest of the night."[19] Roach then said "what about my shower" prompting Harold to spray Roach in the face and mouth with chemical agent.[20]

It is well established that force may be used against non-compliant inmates to gain compliance.[21] Roach "set the stage" for the use of force by being disruptive and disobeying orders.[22] Considering the disturbance Roach caused by flooding the tier, yelling, and inciting other inmates to yell, some level of force was reasonable to stop the chaos, even though Roach's non-compliance was only verbal.[23] Additionally, use of chemical agent is "typically considered minimal force after verbal intervention."[24] Therefore, this factor, which the Fifth Circuit has said is the "most important," favors Harold.[25]

As to the relationship between the need for, and the amount of, force, Harold dispensed 81 grams of chemical agent according to the Complaint. Courts have found similar amounts of chemical spray are not constitutionally excessive.[26] This, coupled with the fact that Roach admits to failing to comply with orders after causing a significant disturbance, suggests that the amount of force used was not disproportionate to the need, such that this factor also favors Harold.

---

[19] R. Doc. 1, p. 5.

[20] R. Doc. 1, p. 5.

[21] *Brown v. Gusman*, No. 15-1491, 2015 WL 6827260, at *5 (E.D. La. Nov. 6, 2015), citing *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000); *Williams v. Bengamin*, 77 F.3d 756, 763 (4th Cir. 1996); and *Soto v. Dickey*, 744.F.2d. 1260, 1267 (7th Cir. 1984).

[22] *Diaz v. Ray*, No. 17-25, 2017 WL 8790964, at *3 (N.D. Tex. Nov. 17, 2017) (dismissing as frivolous excessive force claim where inmate refused to obey orders "justifying the use of some degree of force"), citing *Calhoun v. Wyatt*, No. 11-04, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013).

[23] *See Kitt v. Bailey*, No. 14-0368, 2015 WL 3909116, at *6 (S.D. Tex. June 24, 2015) (use of a chemical agent in limited quantities to gain compliance is appropriate response when an inmate refuses to obey orders).

[24] *Woolverton v. Livingston*, No. 15-314, 2018 WL 5885541, at *10 (N.D. Tex. June 20, 2018).

[25] *See Watkins v. Gautreaux*, No. 19-635, 515 F.Supp.3d 500, 509 (M.D. La. Jan. 28, 2021), citing *Malbrough v. Stelly,* 814 Fed.Appx. 798, 803 (5th Cir. 2020) (per curiam).

[26] *See Scott v. Crosby*, No. 19-4746, 2021 WL 3472800, at *5 (N.D. Fl. July 28, 2021) (use of 69.5 grams of pepper spray shows an absence of sadistic or malicious intent and is not excessive).

4

Based on Roach's allegations, the threat he posed was encouraging disorder in the prison, since he admits to flooding the tier and yelling, prompting other inmates to start yelling as well.[27] "[P]reserving institutional order and discipline is a central objective of sound prison administration."[28] Accordingly, using some force to quell this disturbance was not unreasonable, and this factor also favors Harold.

The final factor--efforts made to temper the severity of a forceful response--is neutral. Harold had spoken to Roach and instructed him to not speak, but Harold did not give a specific warning to Roach. Additionally, the Complaint does not contain information about other efforts to temper the use of chemical agent, such as allowing Roach to shower and/or change clothes.

Still, because three of the five factors favor Harold, and considering the disturbance caused by Roach and his uncooperativeness, Roach cannot show that the limited force used in this case was for malicious purposes, rather than to regain order, such that he fails to state a federal constitutional claim.[29] Accordingly, Roach's federal claim for excessive force should be dismissed with prejudice for failure to state a claim.[30]

---

[27] R. Doc. 1, p. 5.

[28] *Jones v. Pacher*, No. 21-02230, 2023 WL 3310343, at *6 (S.D. Tex. Feb. 27, 2023), appeal dismissed, No. 23-20212, 2023 WL 7385800 (5th Cir. Aug. 1, 2023) (citing *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.")).

[29] To the extent Roach complains that force was used in breach of "protocol," prison rules and regulations do not create federally protected rights, so a failure to follow those rules or policies does not establish a violation of a constitutional right. *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal citations omitted). *See also Humphrey v. Banks*, 777 Fed.Appx. 767, 768 (5th Cir. 2019) (the plaintiff "has not shown that the district court erred by dismissing for failure to state a claim his claim that prison officials violated an internal policy by assigning him to a unit that housed gang-affiliated inmates. Violations of prison rules or regulations, without more, do not give rise to a cause of action.").

[30] *See Tillis v. Garcia,* 99 F.3d 1135 (5th Cir. 1996) (finding no reasonable jury could have found for the plaintiff on his excessive force claim where inmate provoked officers after engaging in property destruction before force was used and had minimal injuries); *Robertson v. Jefferson Parish Correctional Center*, No. 23-7418, 2024 WL 3799490, at *5-6 (E.D. La. July 12, 2024) (dismissing as frivolous claim for excessive force where detainee was admittedly non-compliant; *Dominguez v. Perry*, No. 09-695, 2010 WL 3619553, at *3 (E.D. Tex. May 2, 2010) (dismissing as frivolous an excessive force claim where prisoner admitted he disobeyed orders).

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Roach wants this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Federal district courts are given wide discretion in disposing of state law claims,[31] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[32] Having recommended that Roach's federal claims be dismissed for failure to state a claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

### D. Leave to Amend Should Not be Granted

Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case."[33] It appears Roach has already pleaded his best case. He has clearly explained what he claims happened that he believes violated his constitutional rights. Despite pleading his best case, Roach still fails to state a claim, so he should not be given further leave to amend.

---

[31] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

[32] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[33] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

## RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, and that Roach's federal claims against Lt. Harold for excessive force be **DISMISSED WITH PREJUDICE** for failure to state a claim based on screening under 28 U.S.C. §§ 1915(e) and 1915A.[34]

Signed in Baton Rouge, Louisiana, on January 10, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] Roach is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.